UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ANGENETTA FRISON, | ) | |
| | ) | |
| Respondent. | ) | |

## PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

The United States of America, on behalf of its agency, the Internal Revenue Service, by Morris Pasqual, Acting United States Attorney, petitions for an order enforcing the IRS administrative summons served on respondent Angenetta Frison in her capacity as the principal officer of Taylor's Toolbox, and alleges as follows:

1.      This is an action to enforce an Internal Revenue Service Summons issued to Angenetta Frison.

2.      This action is brought pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a), to judicially enforce an Internal Revenue Service Summons issued to Angenetta Frison. The court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345.

3.      The respondent, Angenetta Frison resides at 2019 Argonne Drive, North Chicago, Illinois 60064 within the jurisdiction of this court.

4.      Maryze Hennawi is a revenue officer of the Internal Revenue Service, employed in the Small Business/Self-Employed Division Central Collection unit of the Internal Revenue Service at 5100 River Road, MS 506, Schiller Park, Illinois, 60176, and is authorized to issue an Internal Revenue Service Summons pursuant to the authority contained in 26 U.S.C. § 7602 and Treasury Regulation § 301.7602-1, 26 C.F.R. § 301.7602-1.

5.     Mark Littlefied is a revenue officer of the Internal Revenue Service, employed in the Small Business/Self-Employed Division Central Collection unit of the Internal Revenue Service at 5100 River Road, MS 506, Schiller Park, Illinois, 60176, and is authorized to issue an Internal Revenue Service Summons pursuant to the authority contained in 26 U.S.C. § 7602 and Treasury Regulation § 301.7602-1, 26 C.F.R. § 301.7602-1.

6.     Revenue Officers Hennawi and Littlefield are investigating Taylor's Toolbox for the collection of its Form 941 employment tax liabilities for the taxable periods ending March 31, 2021, June 30, 2021, September 30, 2021, December 31, 2021, March 31, 2022, June 30, 2022, September 30, 2022, December 31, 2022, March 31, 2023, and June 30, 2023 (hereinafter "periods at issue").

7.     The respondent, Angenetta Frison is the principal officer of Taylor's Toolbox.

8.     In furtherance of the above investigation and accordance with 26 U.S.C. § 7602, Revenue Officer Littlefield issued on September 26, 2024, an administrative summons along with attachments.  The summons required that Angenetta Frison appear at 10:00 A.M. on October 17, 2024, at the IRS office located at 5100 River Road, MS 506, Schiller Park, Illinois, 60176, to provide the requested materials relating to the collection of Taylor's Toolbox, Form 941 employment tax for the periods at issue.  A copy of Revenue Officer Littlefield's Declaration with respect to the Summons is attached as Exhibit A. A copy of Revenue Officer Hennawi's Declaration with respect to the Summons is attached as Exhibit B. A copy of the summons is attached to the petition as Exhibit C.

9.     In accordance with 26 U.S.C § 7603, on July 31, 2024, Revenue Officer Hannawi served an attested copy of the Internal Revenue Service summons described in paragraph (8) on Angenetta Frison by leaving an attested copy of the summons at her last and usual place of abode,

attached to the door, as evidenced in the certificate of service on the reverse side of the summons.

10.     On October 17, 2024, respondent Angenetta Frison failed to appear in response to the summons.

11.     On December 4, 2024, a "last chance letter" was sent to Angenetta Frison, by certified mail by the IRS Office of Chief Counsel proposing an alternate date to comply with the summons, scheduled for January 15, 2025, at the IRS office located in Schiller Park, Illinois.  A copy of the aforementioned letter is attached as Exhibit D.

12.     On January 15, 2025, the alternate compliance date, Angenetta Frison, did not appear at the IRS office located in Schiller Park, Illinois.

13.     The books, papers, records, or other data sought by summons are not already in the possession of the Internal Revenue Service.

14.     All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

15.     No recommendation for criminal prosecution of Angenetta Frison or Taylor's Toobox has been made by the IRS to the United States Department of Justice.

16.      The failure of Angenetta Frison to comply with the summons continues to this date.

WHEREFORE, the United States requests:

a.     an order directing the respondent, Angenetta Frison to show cause, if any, why she should not comply with the aforementioned summons and each and every requirement thereof, by ordering complete compliance with the summons and specifically directing the summoned party to obey the summons served upon it and ordering its attendance, and the production of books, records, papers, and other data as required by the terms of the summons before Revenue Officer

Maryze Hannawi or any other proper agent of the Internal Revenue Service and such time and place as may be fixed by the court;

b.    an order directing respondent to obey the aforementioned summons and each and every requirement thereof by ordering the attendance, testimony, and production of the books, papers, records, or other data as is required and called by the terms of the summons before Revenue Officer Maryze Hannawi or any other proper officer or employee of the Internal Revenue Service;

c.    an award of the United States costs; and

d.    such other and further relief as it deems just and proper.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: _s/ Stanislaw Balazia_____
    STANISLAW BALAZIA
    Special Assistant United States Attorney
    230 S. Dearborn St., STOP 1603 CHI
    Chicago, Illinois 60604
    (312) 292-2107
    stanislaw.balazia@irscounsel.treas.gov

Exhibit

# Exhibit A

### DECLARATION

Mark Littlefiled declares:

1.      I am a duly commissioned revenue officer employed in the Small Business/Self-Employed Division Central Compliance Area of the Internal Revenue Service at 5100 River Road, MS 506, Schiller Park, Illinois 60176.

3.      In my capacity as a revenue officer, with assistance of Revenue Officer Maryze Hennawi, I am investigating Taylor's Toolbox for the collection of its Form 941 employment tax liabilities for the taxable periods ending March 31, 2021, June 30, 2021, September 30, 2021, December 31, 2021, March 31, 2022, June 30, 2022, September 30, 2022, December 31, 2022, March 31, 2023, and June 30, 2023 (hereinafter "periods at issue").

4.      Angenetta Frison is the principal officer of Taylor's Toolbox.

5.      In furtherance of the above investigation and in accordance with Section 7602 of Title 26, U.S.C., I issued, on September 10, 2024, an administrative summons along with attachments.  The summons required that Angenetta Frison, in her capacity as the principal officer of Taylor's Toolbox, appear at 10:00 A.M. on October 17, 2024, at the IRS office located at 5100 River Road, MS 506, Schiller Park, Illinois, 60176, to provide the requested materials relating to the collection of Taylor's Toolbox's Form 941 employment tax for the periods at issue. A copy of the summons is attached to the petition as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2025.

Mark L.
Littlefield

Digitally signed by Mark L. Littlefield
Date: 2025.02.19 09:13:24 -06'00'

Mark Littlefield, Revenue Officer

Exhibit A

# Exhibit B

## DECLARATION

Maryze Hannawi declares:

1.      I am a duly commissioned revenue officer employed in the Small Business/Self-Employed Division Central Compliance Area of the Internal Revenue Service at 5100 River Road, MS 506, Schiller Park, Illinois 60176.

3.      In my capacity as a revenue officer, with assistance of revenue officer Mark Littlefield, I am investigating Taylor's Toolbox for the collection of its Form 941 employment tax liabilities for the taxable periods ending March 31, 2021, June 30, 2021, September 30, 2021, December 31, 2021, March 31, 2022, June 30, 2022, September 30, 2022, December 31, 2022, March 31, 2023, and June 30, 2023 (hereinafter "periods at issue").

4.      Angenetta Frison is the principal officer of Taylor's Toolbox.

5.      In furtherance of the above investigation and in accordance with Section 7602 of Title 26, U.S.C., Revenue Officer Littlefield issued, on September 10, 2024, an administrative summons along with attachments. The summons required that Angenetta Frison, in her capacity as the principal officer of Taylor's Toolbox, appear at 10:00 A.M. on October 17, 2024, at the IRS office located at 5100 River Road, MS 506, Schiller Park, Illinois, 60176, to provide the requested materials relating to the collection of Taylor's Toolbox's Form 941 employment tax for the periods at issue. A copy of Revenue Officer Littlefield's Declaration with respect to summons is attached to the petition as Exhibit A. A copy of the summons is attached to the petition as Exhibit C.

6.      In accordance with 26 U.S.C § 7603, on September 26, 2024, I served an attested copy of the Internal Revenue Service summons described in paragraph (5) on Angenetta Frison by leaving an attested copy of the summons at her last and usual place of abode, 2019 Argonne Drive,

North Chicago, Illinois 60064, attached to the door, as evidenced in the certificate of service on the reverse side of the summons.

7. On October 17, 2024, respondent, Angenetta Frison failed to appear in response to the summons.

8. On December 4, 2024, a "last chance letter" was sent to Angenetta Frison by certified mail by the IRS Office of Chief Counsel proposing an alternate date to comply with the summons, scheduled for January 15, 2025, at the IRS office located in Schiller Park, Illinois. The letter is attached to the petition as Exhibit D.

9. On January 15, 2025, the alternate compliance date, Angenetta Frison, did not appear at the IRS office located in Schiller Park, Illinois.

10. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

11. All administrative steps required by the Internal Revenue Service for issuance of a summons have been taken.

12. As of the date that the summons was issued and served, and as of the day I signed this declaration, no recommendation for criminal prosecution of Angenetta Frison or Taylor's Toolbox has been made by the IRS to the United States Department of Justice.

13. Angenetta Frison's failure to comply with the summons continues to the date of this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___19___ day of ___Februray_____, 2025.

Maryze
Hennawi

Digitally signed by Maryze Hennawi
Date: 2025.02.19 14:24:38 -06'00'

Maryze Hennawi, Revenue Officer

Exhibit B

Exhibit C

# Summons

In the matter of __TAYLORS TOOLBOX, 2019 ARGONNE DR, NORTH CHICAGO, IL 60064-2531__

Internal Revenue Service *(Identify Division)* __SMALL BUSINESS/SELF EMPLOYED__

Industry/Area *(Identify by number or name)* __Small Business / Self Employed__

Periods: __See Attachment 1 to Summons Form 2039 for Period Information__

**The Commissioner of Internal Revenue**

**To:** __ANGENETTA FRISON - AS PRINCIPAL OFFICER__

**At:** __2019 ARGONNE DR,  NORTH CHICAGO, IL  60064__

You are hereby summoned and required to appear before __M LITTLEFIELD__, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the taxpayer identified above for the periods shown.

Payroll records for 2023 and W2/W3s
Bank statements 2/1/2024 to Current
Bank Signature Cards
Cancelled Checks from 4 per month: 1/1/2024 to Current
List of all vehicles and value information
List of all properties and value information
List of all Inventory/equipment with value information
List of account receivables report
Business reports: for 2023/2024 profit & loss statements, earning statements.
Monthly Invoices/statements for all expenses

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
 2001 BUTTERFIELD RD,  MAIL STOP 5235,  DOWNERS GROVE  IL  60515  (630) 493-5210

**Place and time for appearance: At** __5100 RIVER RD,  CALL UPON ARRIVAL,  SCHILLER PARK, IL  60515__

on the __17th__ day of __October__ , __2024__ at __10:00__ o'clock __am__.

**Issued under authority of the Internal Revenue Code this  10th        day of  September    , 2024**

| Signature of issuing officer | Title |
|---|---|
| **M LITTLEFIELD** | ACTING MANAGER |
| Signature of approving officer *(if applicable)* | Title |

Form **2039** (Rev. 3-2020)          Catalog Number 21405J          publish.no.irs.gov          Department of the Treasury – **Internal Revenue Service**
**Original** -- to be kept by IRS

Exhibit C

# Certificate of Service of Summons
**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
|      |      |

## How Summons Was Served

☐ 1. I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed

☐ 2. I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)*_____

☐ 3. I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address_____

_____

☐ 4. I certify that I served a copy of the summons, which contained the attestation required by § 7603, by a method not listed above that is in conformity with established IRS procedures to the person to whom it was directed and with the consent of the witness, *(e.g. facsimile transmission)*

| Signature | Title |
|-----------|-------|
|           |       |

5. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses that are excepted from the third-party notice requirement of IRC Section 7609.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 6639) to the person named below on the date and in the manner indicated.

| Date of giving notice | Time |
|-----------------------|------|
|                       |      |

Name of noticee

Address of noticee *(if mailed)*

## How Notice Was Given

☐ I gave notice by certified or registered mail to the last known address of the noticee

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person *(if any)*

☐ I gave notice by handing it to the noticee

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned

☐ No notice required

| Signature | Title |
|-----------|-------|
|           |       |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
|           |       |

Exhibit C

# Summons

In the matter of  __TAYLORS TOOLBOX, 2019 ARGONNE DR, NORTH CHICAGO, IL 60064-2531__

**Internal Revenue Service** *(Identify Division)*__  SMALL BUSINESS/SELF EMPLOYED__

**Industry/Area** *(Identify by number or name)*__  Small Business / Self Employed__

**Periods:** __See Attachment 1 to Summons Form 2039 for Period Information__

---

### The Commissioner of Internal Revenue

**To:** __ANGENETTA FRISON - AS PRINCIPAL OFFICER__

**At:** __2019 ARGONNE DR,   NORTH CHICAGO, IL  60064__

You are hereby summoned and required to appear before __M LITTLEFIELD,__ an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the taxpayer identified above for the periods shown.

Payroll records for 2023 and W2/W3s
Bank statements 2/1/2024 to Current
Bank Signature Cards
Cancelled Checks from 4 per month: 1/1/2024 to Current
List of all vehicles and value information
List of all properties and value information
List of all Inventory/equipment with value information
List of account receivables report
Business reports: for 2023/2024 profit & loss statements, earning statements.
Monthly Invoices/statements for all expenses

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

### Do not write in this space

---

| Attestation | |
|---|---|
| I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original | |
| Signature of IRS officer serving the summons | Title<br>, ACTING MANAGER  1003578515 |

**Business address and telephone number of IRS officer before whom you are to appear:**
  2001 BUTTERFIELD RD,  MAIL STOP 5235,  DOWNERS GROVE  IL  60515  (630) 493-5210

**Place and time for appearance: At** __5100 RIVER RD,  CALL UPON ARRIVAL,  SCHILLER PARK, IL  60515__

---

on the__17th__ day of __October__ , __2024__ at __10:00__ o'clock __am.__

**Issued under authority of the Internal Revenue Code this  10th**         **day of   September**     **, 2024**

| Signature of issuing officer<br>**M LITTLEFIELD** | Title<br>ACTING MANAGER |
|---|---|
| Signature of approving officer *(if applicable)* | Title |

Form **2039** (Rev. 3-2020)          Catalog Number 21405J          publish.no.irs.gov          Department of the Treasury – **Internal Revenue Service**
**Part A** -- to be given to person summoned

Exhibit C

# Provisions of Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a)Authority to Summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.--The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

c) Notice of contact of third parties.

    (1) General notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which--

        (A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and

        (B) except as otherwise provided by the Secretary, is provided to the taxpayer not later than 45 days before the beginning of such period.

    (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

    (3) Exceptions. - This subsection shall not apply-

        (A) to any contact which the taxpayer has authorized,

        (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

        (C) with respect to any pending criminal investigation.

Nothing in the preceding sentence shall prevent the issuance of notices to the same taxpayer with respect to the same tax liability with respect minions specified therein that, in the aggregate, exceed 1 year. A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice. The preceding sentence shall not prevent the issuance of a notice if the requirement of such sentence is met on the basis of the assumption that the information sought to be obtained by such contact will not be obtained by other means before such contact.

(d) No administrative summons when there is Justice Department referral.

    (1) Limitation of authority.--No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

    (2) Justice Department referral in effect.--For purposes of this subsection--

        (A) In general.--A Justice Department referral is in effect with respect to any person if--

            (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or

            (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

        (B) Termination.--A Justice Department referral shall cease to be in effect with respect to a person when--

            (i) the Attorney General notifies the Secretary, in writing, that--

            (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

            (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

            (III) he will discontinue such a grand jury investigation.

            (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

            (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

    (3) Taxable years, etc., treated separately.--For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income.--The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

(f) Limitation on access of persons other than Internal Revenue Service officers and employees. The Secretary shall not, under the authority of section 6103(n), provide any books, papers, records, or other data obtained pursuant to this section to any person authorized under section 6103(n), except when such person requires such information for the sole purpose of providing expert evaluation and assistance to the Internal Revenue Service. No person other than an officer or employee of the Internal Revenue Service or the Office of Chief Counsel may, on behalf of the Secretary, question a witness under oath whose testimony was obtained pursuant to this section.

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)-- Gasoline used on farms; sec. 6421(g)(2)--Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)--Fuels not used for taxable purposes.

## Sec. 7603. Service of summons

(a) In general--A Summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left all his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers.--

    (1) In general.--A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

    (2) Third party recordkeeper.--For purposes of paragraph (1), the term *third-party recordkeeper* means--

        (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

        (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

        (C) any person extending credit through the use of credit cards or similar devices;

        (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

        (E) any attorney;

        (F) any accountant;

        (G) any barter exchange (as defined in section 6045(c)(3));

        (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

        (I) any enrolled agent; and

        (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. --If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.--Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

## Sec. 7605. Time and place of examination

(a) Time and place.--The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general.--The Secretary shall by regulations establish the rates and conditions under which payment may be made of--

    (1) fees and mileage to persons who are summoned to appear before the Secretary, and

    (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions.--No payment may be made under paragraph (2) of subsection (a) if-

    (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

    (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies.--This section applies with respect to any summons authorized under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Exhibit C

## Attachment 1 to Summons Form 2039

In the matter of **TAYLORS TOOLBOX**

Period information:
  Form 941 for the quarterly periods ending March 31, 2021, June 30, 2021, September 30, 2021, December 31, 2021, March 31, 2022, June 30, 2022, September 30, 2022, December 31, 2022, March 31, 2023 and June 30, 2023

Exhibit C

## Attachment  1 to Summons Form  2039

In the matter of  **TAYLORS TOOLBOX**

Period information:
  Form 941 for the quarterly periods ending March 31, 2021, June 30, 2021, September 30, 2021, December 31, 2021, March 31, 2022, June 30, 2022, September 30, 2022, December 31, 2022, March 31, 2023 and June 30, 2023

Exhibit C

# Certificate of Service of Summons
**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date 09/26/2024 | Time 11:00 a.m. |
|---|---|

## How Summons Was Served

☐ 1. I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed

☒ 2. I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)*_____

☐ 3. I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address_____

_____

☐ 4. I certify that I served a copy of the summons, which contained the attestation required by § 7603, by a method not listed above that is in conformity with established IRS procedures to the person to whom it was directed and with the consent of the witness, *(e.g. facsimile transmission)*

| Signature *Maryze Hennawi* | Title Revenue Officer |
|---|---|

5. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses that are excepted from the third-party notice requirement of IRC Section 7609.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 6639) to the person named below on the date and in the manner indicated.

| Date of giving notice | Time |
|---|---|

Name of noticee

Address of noticee *(if mailed)*

## How Notice Was Given

☐ I gave notice by certified or registered mail to the last known address of the noticee

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person *(if any)*

☐ I gave notice by handing it to the noticee

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned

☐ No notice required

| Signature | Title |
|---|---|

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|

Form **2039** (Rev. 3-2020)          Catalog No. 21405J          publish.no.irs.gov          Department of the Treasury – **Internal Revenue Service**

Exhibit C

# Exhibit D

E



**OFFICE OF THE CHIEF COUNSEL**

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
LITIGATION & ADVISORY
230 S Dearborn St.
STOP 1603 CHI
CHICAGO, ILLINOIS 60604-1505
(312) 292-2107
EFAX: (855) 630-3811

December 4, 2024

CC:LA:4:CHI:3:SBalazia

**Via Certified Mail, Regular Mail**

Angenett Frisson-Principal
Taylors Toolbox
2019 Argonne Dr.
North Chicago, IL 60064

Dear Angenett Frisson:

Small Business/Self-Employed Midwest Area 4: Area Collection of the Internal Revenue Service has notified our office that you did not comply with the provisions of the summons served on you on September 26, 2023. Under the terms of the summons, you were required to appear before Revenue Officer Mark Littlefield on October 17, 2024. Your case has now been reassigned to Revenue Officer Maryze Hennawi.

Legal proceedings may be brought against you in the United States District Court for not complying with this summons. To avoid such proceedings, you are to appear before Revenue Officer:

Name: Maryze Hennawi
Date: January 15, 2025
Time: 10:00 AM
Address: 5100 River Road, Schiller Park, IL 60176

If you provide the items requested in the summons to Revenue Officer Maryze Hennawi prior to January 15, 2025, you may contact her via telephone at (847) 208-0521 at the appointed time. Otherwise, any books, records or other documents called for in the summons should be produced at the appointed time. If you have any questions, please contact Revenue Officer Hennawi at (847) 208-0521.

Sincerely,

*Stanislaw Balazia*

Stanislaw Balazia
Attorney (Chicago, Group 3)
(Litigation & Advisory

Exhibit C